## TRONSON VS. ROBSON.

LIEN UPON LOGS: CONVERSION: EVIDENCE. *Sheriff claiming under writ issued to enforce lien, and suing for conversion, must identify logs converted as those subject to lien, and show how converted.*

In an action for the conversion of logs, plaintiff claimed to have been in possession, as sheriff, under a writ of attachment in a suit by one P. to enforce a lien under ch. 186, Laws of 1861, for labor performed on the logs, and the defendant claimed to be the owner of the logs, and was not the person for whom the labor was performed. The plaintiff put in evidence the petition, writ of attachment, judgment, etc., in the lien suit; but the bill of exceptions in this action (which purports to contain all the evidence) does not show any evidence, aside from the record in the lien suit, to identify the logs on which P.'s labor was performed with those attached by plaintiff; nor any attempt to identify the logs so attached with those found in defendant's possession; nor any proof as to when and how such logs were taken from plaintiff's possession. *Held*, that after verdict for plaintiff, it was error to deny defendant's motion for a new trial, made on the judge's minutes, on the ground that the verdict was " contrary to law and the evidence."

APPEAL from the Circuit Court for *Chippewa* County.

The complaint alleges that the plaintiff was sheriff of Chippewa county on the 14th day of April, 1873; and on that day levied on a quantity of logs in Yellow river by virtue of a writ of attachment issued in a suit wherein Edward Padden was plaintiff and John S. Smith, defendant; that after said levy and while the logs were in his possession thereunder, the defendant unlawfully took and converted them to his own use; that judgment was afterwards entered in said suit in favor of the plaintiff therein, adjudging a lien on said logs to the amount of the plaintiff's claim. The complaint in this action demands judgment for the value of the logs. The answer denies the principal allegations of the complaint, and alleges defendant's ownership of the logs. The case is stated in the opinion. The action of *Padden v. Smith* was brought under the provisions of ch. 186, Laws of 1861, entitled "an act providing for a lien for labor and services upon logs and timber in the county of Chippewa," which gives any person, who may perform any labor in cutting, falling, hauling, driving, running, rafting, booming, cribbing or towing any logs or timber in said county, a lien thereon, to be fixed by filing a petition, and enforced by attachment of the logs.

*Bingham & Jenkins*, for appellant, argued, that the lien petition should not have been introduced in evidence. The act gives a lien for personal services of a laborer only, and does not give a lien for hire of team. The petition claims lien for work of petitioner's oxen and the sum is included in the judgment. A lien on lumber is defeated, if in the judgment are recovered any non lien claims. *Bicknell v. Frickey*, 34 Me.,273; *McCrillis v. Wilson*, id.; 286. The plaintiff can not recover, as the logs did not belong to the person for whom the labor was performed for which the lien was claimed; and the record does not show that the logs in question are the same upon which the plaintiff in the lien suit expended his labor. The officer's

return does not establish the fact. *Thompson v. Gilmore*, 50 Me., 429.

*Wheeler & Marshall*, for respondent, contended that the judgment and other papers were properly offered in evidence, and were conclusive that the logs described in the writ were those upon which the lien plaintiff performed his work, and cited *Munger v. Lenroot*, 32 Wis., 541; *Tronson v. Union Lumbering Company*, 36 id., 126. Counsel insisted that there had been no abuse of discretion in denying the motion for a new trial.

COLE, J. This is an appeal from an order denying a motion for a new trial. The motion was made upon the minutes of the court, on the ground, among others, that the verdict was contrary to the law and evidence. It seems to us that a new trial should have been granted on that ground.

The bill of exceptions purports to contain all the evidence given on the trial. If it does actually contain all the testimony — and of course the case must be decided upon the assumption that it does, — then we fail to find any evidence whatever which tends to show title in the plaintiff to the logs in controversy. The title of the plaintiff, as stated in the complaint, was founded upon writs issued to him as sheriff in a certain lien suit, wherein one Padden was plaintiff and one Smith was defendant. He alleges that he attached the logs in that suit, taking them into his possession, and continuing to hold them until the defendant unlawfully took them from his possession and converted them to his own use. On the trial, the plaintiff, to prove his special property in the logs, offered in evidence the petition, writ of attachment, return to the writ, judgment, etc., in the lien suit; which were all admitted, against the defendant's objection. Assuming that this evidence was properly admissible against the defendant, as tending to prove title in the plaintiff to the logs described in that suit, and that Padden performed labor upon those logs and established a lien against

them, still the identity of those logs with the ones claimed in the action should be proven. As we understand the bill of exceptions, there was an entire failure of proof upon that point. It is plain that the plaintiff was bound to identify those logs with the ones converted by the defendant. Aside from the record in the lien suit, no proof was offered to show that the logs attached in that suit were those upon which Padden performed services; and no attempt was made to identify those logs with those converted as alleged in the complaint. It is manifest that this was a fatal defect in the plaintiff's case. Even in his own testimony the plaintiff says that he did not know that the logs which he attached in Padden's suit were the ones he saw in defendant's boom. And this is really the only evidence offered to prove the identity of the property in litigation in this action with that against which Padden established his lien.

There is another fact which is left in great obscurity in this record, and which should be explained. It is this. If the plaintiff attached the logs described in the lien suit, and took them into his possession, when and how were they taken from his possession? The record is likewise silent upon that point. There should be some evidence offered to show that the allegation of the complaint was true, that the defendant unlawfully took possession of these logs without permission or consent of plaintiff.

But, for reasons given on the first question, the order must be reversed.

*By the Court.*—The order of the circuit court is reversed, and the cause is remanded for further proceedings.